[L. A. No. 26002. In Bank. Oct. 27, 1960.]

ARGONAUT INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BRYANT SMITH, Respondents.

Herlihy & Herlihy, F. G. Herlihy and Katherine Stoll Burns for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

McCOMB, J.—Argonaut Insurance Company (hereinafter referred to as "petitioner") seeks annulment of an award for workmen's compensation benefits made by respondent Industrial Accident Commission (hereinafter referred to as "the

commission'') to respondent Bryant Smith (hereinafter referred to as ''applicant'') for injuries suffered by him on August 27, 1958.

In making the award, the commission found that the injury by reason of which the award was being made arose out of, and occurred in the course of, applicant's employment by Spirite & Conn, Inc., petitioner's assured.

 This is the sole question necessary for us to determine: *Was there substantial evidence to sustain the commission's finding that applicant sustained an injury to his back during the course of his employment by Spirite & Conn?*

This question must be answered in the negative. The uncontradicted evidence discloses that at the time of his injury applicant was employed by the United States Government and not by petitioner's assured.

The record reveals the following:

On August 27, 1958, applicant was employed as a heavy equipment operator-foreman by Spirite & Conn on a project near Barton Flats, California.

On that date Everett Byrd, a fire suppression ranger of the United States Forest Service,* told William L. Robinette, project manager for Spirite & Conn, that there was a fire on United States National Forest land about two miles from Barton Flats and that he wanted two water trucks and two D-8 tractors with bulldozer blades to go to the fire as soon as possible.

About 4 p. m. Mr. Robinette told applicant to see that the equipment was taken to the fire area and to get a couple of men to help put the fires out ''on orders from the officers of

---

*Field men of the United States Forest Service have volunteer state fire warden authority to require persons to assist in the fighting of fires. The authority of fire wardens in the position of the United States Forest Service employees who were involved in the instant case is set out in section 4010 of the California Public Resources Code as follows: ''The State Forester or his duly authorized agent may summon any able-bodied male to assist in suppressing any forest fire and may authorize any duly authorized officer of the State of California, charged with the prevention and suppression of fire or the enforcement of the State fire laws, to summon any able-bodied man to assist in suppressing any forest fire within their respective jurisdictions . . . . Any person who fails to obey such summons is guilty of a violation of this article. Every person who in obedience to such summons assists in extinguishing any forest fire shall be compensated for services actually rendered at a wage rate determined by the Director of the Department of Natural Resources and approved by the Director of Finance for those fires which come under the jurisdiction of the Division of Forestry and at a rate established by the agencies having jurisdiction over those fires not coming under the jurisdiction of the Division of Forestry.''

the forestry service of the Federal Government.'' Thereafter applicant worked until 5 or 5:30 p. m. for Spirite & Conn. He then went to the fire area. He found that with each of the bulldozers or caterpillars there was a Forest Service man, who told the operator where to go.

About 10:30 that night a bulldozer went off the side of a canyon, and it was necessary to get another bulldozer to build a road to pull it out of the canyon. While applicant was hooking a cable from one ''cat'' to the other, he injured his back.

Several days later Mr. Byrd, the fire suppression ranger, came to Mr. Robinette with a regular government form and received the time of the two men operating the equipment and also the time the equipment was used. Payments were made by the federal government to Spirite & Conn for the use of the equipment and the wages of the operators of the equipment, but not for applicant's wages.

Mr. Byrd told Mr. Robinette that the United States Government never pays the contractors for supervision, but pays the supervisors directly, and that since applicant was a foreman, the government would take care of his wages. Thereafter applicant received $22.80 as wages from the government for the work done by him in connection with fighting the fire on August 27, 1958.

A United States Department of Agriculture Forest Service time report specified the name of the fire as the Radford fire, the year as 1958, and the forest as SB-12. It gave the name of applicant and his address and contained the words ''hired or transferred from South Fork.'' The job classification was given as No. 5FF, and the rate of pay at the point of fire was $2.40 per hour. The time slip indicated that applicant had worked a total of nine and one half hours and was then released. Under the words ''I certify the net amount due is correct,'' in a space designated for the signature of the ''employee,'' applicant's name was signed.

The signature of Everett R. Byrd as time recorder appears on the time slip. The slip was approved by Martin L. Stevenson, fire control assistant of the United States Forest Service in charge of the San Gorgonio District of the San Bernardino Forest. He was the director of the suppression of fires in that area on August 27, 1958.

Mr. Stevenson was the highest government authority at the scene of the fire. He was authorized to procure the men and equipment and to direct them once they had been obtained.

Applicant was an employee of the United States Government under the provisions of the California Labor Code defining the meaning of "employee." Section 3351 of the Labor Code provides that "employee" means "every person in the service of an employer under any appointment or contract of hire . . . express or implied, oral or written, whether lawfully or unlawfully employed."

He was also an employee of the United States Government as the term "employee" is defined by the Federal Employees' Compensation Act. The act is embodied in Title 5 of the United States Code, sections 751 through 793. Section 790 specifically provides that for the purposes of the act "employee" includes " (1) all civil officers and employees of all branches of the Government of the United States (including officers and employees of instrumentalities of the United States wholly owned by the United States, but excluding commissioned officers of the Regular Corps of the Public Health Service, commissioned officers in the Reserve Corps of the Public Health Service on active duty, and commissioned officers of the Coast and Geodetic Survey) ; (2) persons rendering personal services of a kind similar to those of civilian officers or employees of the United States to any department, independent establishment, or agency thereof (including instrumentalities of the United States wholly owned by it), without compensation or for nominal compensation, in any case in which acceptance or use of such services is authorized by an Act of Congress or in which provision is made by law for payment of the travel or other expenses of such person . . . ."

Applicant, when advised that he was to help put out a fire and that the United States Forest officials had ordered this to be done, knew that he was undertaking services for the United States Government. While he was at work, forestry men were directing the equipment of Spirite & Conn.

Applicant's performance of services for the government under the direction of the government constituted an implied "appointment" or contract of hiring.

The foregoing undisputed facts establish that applicant, through William L. Robinette, project manager of Spirite & Conn, was ordered by the United States Forest Service to assist in fighting the fire, and that the equipment and men of Spirite & Conn were, in fact, commandeered. The fact that it was not necessary for the Forest Service to commandeer the equipment and men at gun point does not derogate from the testimony

of Mr. Robinette that he was ordered by the United States Forest Service to furnish the men and equipment.

In view of the foregoing, it is clear that the commission erroneously found that applicant's injury arose out of, and occurred in the course of, his employment by Spirite & Conn.

The order is annulled.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.